

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 3, 1957

Honorable Robert S. Calvert,
Comptroller of Public Accounts,
Capitol Station,
Austin, Texas.

Opinion No. WW-153.

Re: Is the purchase of tie
chains to be used as
awards a legal charge
against State funds?
Are expenses incurred
in traveling to the
different points in
Texas for the purpose
of receiving awards of
any type a legal charge
against State funds?

Dear Mr. Calvert:

You have requested an opinion on the following question:

"Is the purchase of tie chains to be
used as awards a legal charge against State
funds? Are expenses incurred in traveling
to the different points in Texas for the
purpose of receiving awards of any type a
legal charge against State funds?"

You have enclosed with your request an invoice of
the purchase of thirty-nine tie chains by the Department of
Public Safety and a memorandum to the Chief Accountant from
the Administrative Assistant of the Department of Public Safety
concerning the purchase and expense involved in your request.
According to the memorandum, the tie chains are to be used as
awards for marksmanship competition as a part of the training
program and as an incentive for improved professional compe-
tance in the work which is customarily performed.

Section 51 of Article III of the Constitution of
Texas provides:

"The Legislature shall have no power
to make any grant or authorize the making
of any grant of public moneys to any
individual, association of individuals,
municipal or other corporations whatsoever. . ."

This constitutional provision prohibits "the gratuitous disposition of the state's money, property, or contractual rights." Rhoads Drilling Company vs. Allred, 123 Tex. 229, 70 S.W. 2d 576,(1934); Friedman vs. American Surety Company of New York, 137 Tex. 149, 151 S.W. 2d 570, (1941). Therefore, the question presented concerns whether the tie chains to be used as awards for marksmanship competition constitute a gratuity to the recipient. We are of the opinion that such awards constitute a gratuity since it is not compensation for services rendered by the employee nor is it a purchase of a supply necessary in the performance of the duties of the Department of Public Safety. If the tie chains are purchased as a part of the official uniform under the provisions of Article 4413 (25) Vernon's Civil Statutes, such purchase would constitute a purchase of a supply and would be a legal charge against State funds.

Since such awards constitute a granting of a gratuity, travel for such awards constitutes travel on personal business rather than travel in the performance of a governmental function. It is therefore our opinion that expenses incurred in travel to different points in Texas for the purpose of receiving awards is not a legal charge against State funds.

### SUMMARY

The Department of Public Safety does not have authority to purchase tie chains to be used as awards to its employees for marksmanship competition, or to pay expenses incurred in travel to different points in Texas for the purpose of receiving awards.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
JOHN REEVES
Assistant

JR:pf
APPROVED:
OPINION COMMITTEE

H. Grady Chandler, Chairman
J. W. Wheeler
Byron Fullerton
Richard Wells

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn